OPINION of tbe Court, by
Judge Clark.
Judge merit in debt was rendered by the Madison circuit court in favor of Reavill and Tilford, against Cotton, on a bond executed by him to the said Reavill and T'lford* the day on which the capias was sued oat, payable oa. demand ; from which judgment Cotton appealed to this soart.
Upon |u^g- }■ mm r»f ou'hr^ chs .{coun 'miv in •tkeír di order the iereo-üanc t> plead toiacdiacei/.
But if court i»d improperly ^«ufethat'er* tor is’cured by eontinrjnce up on m>con and tiff iq amend fei« wunt.
jUfufcl of the ¿utt to iiujaire feiaow-re t»' k# oa the reí# days or not was proper where defendant did nor ' &ew that he had been as - prived of as opportunity ta make hit de-fence it til* rules.
*100 Most of tice : the fi ed in deck! ouster, the the errors assign rst requiring acteo mg that after the defendant should ⅜ ed relate to points efeprae-» itioo is, that the court err- : judgment of rcsp.ondeitp plead to the plaintiff’s action immediately and before the next rule day, We can see no reason whv the court, upon sustaining a demurrer to a plea in abatement, or replication to such a should not compel the party to plead in.stanter, in same manner they would if leave had been given to „„.end the plea or withdraw a. demurrer and plead to ■ issue. In England, upon a judgment of respondeat ouster, the defendant had in general four days time to plead ; but it was a matter of discretion with the court, «and they would frequently order him to plead immedi-latelv, or on the next tlw. It does not appear the de-;fen;Jant assigned any reason why day should be given im to plead, or that he was less prepared at that time defend himself than he would have been at any future period. To say that the defendant had a right to 'have his cause rem inded to the rules, upon a judgment, of respondeat ouster, without shewing cause, would answer no one purpose of justice, and could only tend to produce delay, and increase the expense ol litigation.
But if we a>-e mistaken upon this principle, yet the defendant had no cause of complaint ; for although the-court directed him to plead immediately, and refused to rernao^ the cause to the rules upon his motion, it was done by the plaintiff upon amending his declaration, which afforded the defendant every advantage of plead- * which he could have had, had the cause been re-«landed upon his motion.
The third and fourth errors are, in substance, that the court erred in refusing to hear evidence of the irregular manner in which the rules were taken, and that the cause ought to have been remanded for the reasons stated in the second bill of exceptions. Without determining whether the clerk is a competent witness to prove the irregularities that have taken place in his of-iice, or not, we think the inferior court decided right upon the who’s,* question as presented to them : for unless the defendant c raid shew that it was necessary for the attainment ol jusuee, that the cause should be remand» e<^’ **• was unnecessary for the court to go into an inaui-ry whether the rules had been taken on the days they *101 ¡purport to have been taken, or not; for if the cause has been prepared for the issue docket by the correct rules, the court ought not to remand it, unless the defendant has in consequence of their having been taken on improper days, been prevented from making as faifa de-fence as he otherwise might have done ; which does ijot appear to b ive been the fact in mis canse.
An obligation for money payable on demand may be put is Sak at loon a* executed.
The rate ⅞ inter eft is matte of law, & muí be exprefied Í the judgment.
The fifth and sixth errors question the right of the plaintiff to sue on a bond for the payment of money on demand, the day the same was executed. It is a well settled principle, that no actual deintnd is necessary on obligations of that description ; a demand in Saw has been always deemed sufficient. A bon i or note payable on demand, is due immediately ; nor is any precedent act necessary on the part of the obligee to entitle him 'to an action. In a debt payable on a particular clay, the debtor has to the iuest hour of the day to pay the money, nor can process be served on him until the next day ; but not so where the debt is clue and payable on demand, for it is in other words acknowledging fhe debt to be then due.
But according to frequent decisions of this court, there is error m the judgment of the inferior court, in pot stating the rate of interest to be recovered by the plaintiff. The rate of interest to be recovered is a matter of law, and ought to compose a part of the judgment— Troxwell vs. Flugate, (April 4th 1805) —Russell vs. Shepherd, (April 1st 1806).
Wherefore it is considered that the judgment of thq, said circuit court be reversed, and that the cause be remanded to said court, with directions to enter up judgment in favor of the said Reaviil and Tilford, for the debt in the declaration mentioned, with interest thereon, to be computed after the rate of six per centum per annum from the 14th day of September 18Q7) until j>aid¡, ike.